IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION
No. 4:03CV00960HEA

DISTRICT OF MASSACHUSETTS
MISCELLANEOUS BUSINESS DOCKET
M.B.D.No. _____

ASSURANCE COMPANY OF AMERICA, )
and MARYLAND CASUALTY COMPANY, )
)
Plaintiffs, )
)
v. )
)
SYNTRAX INNOVATIONS, INC. and )
ACCESS COVERAGECORP., INC., )
)
Defendants. )

**04MBD10109**

### PLAINTIFFS' MOTION TO COMPEL ONE BEACON INSURANCE COMPANY TO PRODUCE DOCUMENTS

Pursuant to Rules 37(a) and 45(e) of the Federal Rules of Civil Procedure, and Local Rules 37.1 and 40.4 of the District of Massachusetts, the Plaintiffs Assurance Company of America and Maryland Casualty Company ("Plaintiffs"), hereby motion to compel One Beacon Insurance Company ("One Beacon") to produce documents listed in an attachment to a Subpoena directed to One Beacon on October 7, 2003. In addition, the Plaintiffs request the Court sanction One Beacon for its failure to produce the documents requested. In support of their Motion, the Plaintiffs state as follows:

1.  There is currently pending in the United States District Court for the Eastern District of Missouri, Eastern Division, an action entitled <u>Assurance Company of America, et al. v. Syntrax Innovations, Inc., et al.</u>, no. 4:03CV960HEA ("the <u>Assurance</u> action"), in which

- 1 -

Plaintiffs Assurance Company of American and Maryland Casualty Company seek the rescission of certain policies of insurance issued by them to one of the defendants, Syntrax Innovations, Inc. ("Syntrax"), and other relief.

2. Prior to the insurance policies issued by the Plaintiffs, Syntrax was insured by policies issued to it by the Hawkeye-Security Insurance Company ("Hawkeye"). One Beacon assumed the responsibility for handling any claims relating to the Hawkeye policies and for the payment of any defense and indemnity costs under such policies.

3. Because of its responsibility for the Hawkeye policies issued to Syntrax, which responsibility is continuing, One Beacon has in its possession various documents relevant to the Assurance action. The Plaintiffs therefore caused to be served on One Beacon a subpoena calling for the production of relevant documents. A copy of the subpoena is attached hereto as Appendix "A". The subpoena was served on or about October 7, 2003, and had a return date of October 21, 2003, for documents to be produced at the offices of McDonough, Hacking & Lavoie, 6 Beacon Street, Suite 815, Boston, MA.

4. One Beacon has never objected to the production of any documents called for by the subpoena, apart from its objection based on the attorney-client privilege.

5. Don R. Sampen, Esq. of Chicago, Ill., an attorney for the Plaintiffs, was initially contacted by a representative of One Beacon - Assistant Vice President of Claims Marlene Henkin ("Henkin") – concerning its response on October 15, 2003. See Affidavit of Don R. Sampen, Esq., attached hereto as Appendix "B" ("Sampen Affidavit"), at ¶ 6. Henkin requested an extension of time until November 17 in which to produce responsive materials, to which Attorney Sampen agreed. Id.

6. Henkin communicated with Attorney Sampen again in mid November to advise that she was having difficulty locating all the documents, and requested information from Sampen, which he provided. See Sampen Affidavit, at ¶ 7. Henkin then communicated with Sampen again on November 25, 2003, to advise that she had not properly requested all of the files which were required by the subpoena, and that it could take up to 60 days more for One Beacon to produce the required materials. Id.

7. In early December of 2003, responsibility for responding to the subpoena was transferred from Henkin to One Beacon's attorneys in Chicago. See Sampen Affidavit, at ¶ 8. Attorney Sampen at that point began communicating with Sara Eversman ("Eversman"), an attorney with the law firm of Tressler Soderstrom Maloney & Priess in Chicago. See Sampen Affidavit, at ¶ 9. In early January, Eversman sent Sampen a listing of files relating to lawsuits against Syntrax, but not the requested documents. Id.

8. One Beacon produced a small volume of documents in early February 2004. See Sampen Affidavit, at ¶ 11. At about that time, Eversman left the Tressler Soderstrom firm and was replaced by Mathew Devereux ("Devereux"). Sampen has been in frequent contact with Devereux about the production of One Beacon's documents since early February. See Sampen Affidavit, at ¶¶ 10-12.

9. On March 12, 2004, One Beacon produced about 5 boxes of documents pursuant to the subpoena. See Sampen Affidavit, at ¶ 11. After review of the materials, however, Sampen determined that several categories of documents were missing, and he so advised Devereux, who acknowledged that the production was not complete. See Sampen Affidavit, at ¶ 12.

10. Since then, Devereux has informed Sampen that One Beacon is in the process of tracking down the missing material – a process that should have been commenced, and

completed, months ago. See Sampen Affidavit, at ¶¶ 13-14. Attorney Devereux has declined to give any indication of how much longer the petitioners must wait before the completion of the One Beacon production.

11. In the meantime, the court in the Assurance action has set various discovery deadlines, which require that the Plaintiffs proceed expeditiously with discovery in that case.

12. The Plaintiffs have waited patiently for One Beacon to bring itself into compliance with the subpoena attached hereto at Appendix "A", which One Beacon has not done. The extension of time that One Beacon requested in October has long passed. The additional 60 days that Henkin said in November of 2003 would be necessary to complete production have also long passed. Indeed, One Beacon has failed to comply with any extended deadline that it has requested, and now it refuses to set any date for the production of its remaining documents.

WHEREFORE, the Plaintiffs request that the Court:

(1) Allow their Motion to Compel and enter an Order requiring One Beacon Insurance Company to produce within seven (7) days all the documents listed in Attachment "A" of the October 7, 2003 Subpoena; and further

(2) Sanction One Beacon Insurance Company for its Failure to Produce the Requested Documents; and further

(3)     Grant any other relief deemed just and proper.

    Respectfully submitted,

    The Plaintiffs,
    Assurance Company of America and
    Maryland Casualty Claims,
    By their attorneys,

    _____
    Mark B. Lavoie, BBO# 553204
    McDonough, Hacking & Lavoie, LLP
    6 Beacon Street, Suite 815
    Boston, MA  02108
    (617) 367-0808

## CERTIFICATE OF SERVICE

I, Mark B. Lavoie, Esq., hereby certify that on April ___, 2004, I served a copy of the foregoing Motion to Compel One Beacon Insurance Company to Produce Documents by mailing, postage prepaid,, to the following:

Don R. Sampen, Esq.,
Meckler Bulger & Tilson
123 Wacker Drive
18th Floor
Chicago, IL 60606;

Kurtis B. Reeg, Esq.,
Reeg, Nowogrocki & Yeckel
120 South Central Avenue
Suite 750
St. Louis, MO  63105

C. Raymond Bell, Esq.
Herzog, Crebs & McGhee
One City Centre
24th Floor
St. Louis, MO 63101;

William M. Corrigan, Esq.
Armstrong Teasdale
One Metropolitan Square
Suite 2600
St. Louis, MO 63102;

Matthew Devereux, Esq.
Tressler, Soderstrum, Maloney & Priess
233 South Wacker Drive
22nd Floor
Chicago, IL  60606; and

One Beacon Insurance Company
One Beacon Street
Boston, MA  02108

_____
Mark B. Lavoie, Esq., BBO# 553204